UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KYLE WATKINS,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>SEAN MEDEIROS,<br><br>　　　　Respondent. | Civil Action No. 16-cv-10891-ADB |

**ORDER DENYING MOTION TO STAY**

BURROUGHS, D.J.

　　Petitioner Kyle Watkins filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on May 16, 2016. [ECF No. 1]. He was convicted of first-degree murder and unlawful possession of a firearm by the Bedford Superior Court in 2005. He filed a motion for a new trial in that court in 2011, which was denied in 2013. His conviction was affirmed by the Supreme Judicial Court on November 24, 2015. His petition to this Court sets forth seven grounds for relief, including failure to disclose exculpatory evidence, prosecutorial misconduct, conflicts of interest, fraud on the court, errors by defense counsel, and insufficient evidence. In July 2016, Petitioner filed a motion to stay this case [ECF No. 11] in order to address an unexhausted issue in state court. The Court denied that motion with leave to renew [ECF No. 13] because the motion did not address the legal requirements necessary to obtain a stay. Now before the Court is Petitioner's second motion to stay. [ECF No. 14]. Respondent opposes the motion. [ECF No. 18]. For the reasons given below, the motion is denied.

　　When a habeas corpus petition contains some claims that have been exhausted before the state court, but other claims that have not, it is known as a "mixed" petition. Josselyn v.

Dennehy, 475 F.3d 1, 2 (1st Cir. 2007).[1] Ordinarily, a federal court cannot adjudicate a mixed petition, so the solution is to dismiss the petition without prejudice, allowing the petitioner to return to state court to exhaust the remainder of his claims. Rhines v. Weber, 544 U.S. 269, 274 (2005). Such a dismissal could prevent some petitioners from ever bringing their claims to federal court, however, so district courts are empowered to issue a stay in certain cases. Id. at 274–76. This power must be used sparingly because it has the potential to undermine the purposes of the Antiterrorism and Effective Death Penalty Act of 1996. Id. at 277. Thus, "to obtain a stay of a mixed petition, the petitioner must show that there was 'good cause' for failing to exhaust the state remedies, the claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory tactics." Josselyn, 475 F.3d at 4 (citing Rhines at 278).

In this case, Petitioner has failed to prove that his claims are potentially meritorious. The unexhausted claims advanced by Petitioner hinge on the Supreme Judicial Court's recent decision in Commonwealth v. Gomes, 22 N.E.3d 897 (Mass. 2015). That decision determined that certain principles concerning eyewitness identification are so "generally accepted" within the scientific community that they will be included in a revised model jury instruction on the issue. Id. at 909–11. Petitioner argues that the testimony of an eyewitness identification expert would have made a difference in his case, and he intends to move for a new trial in state court on this basis. As the Commonwealth points out, however, the court in Gomes explicitly declined to

---

[1] Technically, the petition here is not "mixed," because Petitioner did not include the unexhausted claims in his petition. Both of his motions to stay have invoked the stay procedure for mixed petitions, however, and his second motion discusses relation back under Federal Rule of Civil Procedure 15, which indicates that he may intend to amend the petition to add the claims.

give the new instruction retroactive effect, and in fact, even the defendant in that case did not receive the benefit of the new instruction. Id. at 904–905, 917.

Petitioner points to a subsequent decision by the Worcester Superior Court in Commonwealth v. Cosenza, which allowed a motion for a new trial on the basis of "newly available evidence" concerning the science of eyewitness identification that became judicially accepted, as reflected in Gomes, after the defendant's 2002 trial. [ECF No. 14-1]. The defendant in Cosenza, however, had attempted to introduce expert testimony on the science of eyewitness identification at trial, which the judge did not permit. Id. at 6. The same principles about which the defendant's expert intended to testify were later discussed in the report by the Supreme Judicial Court's study group on eyewitness identification, id. at 8, which was cited extensively in Gomes, 22 N.E.3d at 905, 909–16. Unlike the defendant in Cosenza, Petitioner has not alleged that he made any effort to introduce testimony concerning the science of eyewitness identification at his trial. Nor has Petitioner pointed to anything else in his case that would justify departing from the statement in Gomes that the decision is not retroactive. Thus, the Court cannot conclude that he is likely to prevail on this basis.[2]

Accordingly, Petitioner's second motion to stay [ECF No. 14] is DENIED.

**SO ORDERED.**

December 16, 2016                                                       /s/ Allison D. Burroughs
                                                                        ALLISON D. BURROUGHS
                                                                        U.S. DISTRICT JUDGE

---

[2] In addition, as the Commonwealth correctly points out, 28 U.S.C. § 2244(d)(2) tolls the statute of limitations "during [the time] which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." Petitioner had until February 22, 2017 (one year plus 90 days after judgment of the Supreme Judicial Court) to file his habeas petition, but because he recently filed a new trial motion in the state court, as he informed this Court on December 8 [ECF No. 19], this will toll the statute of limitations. 28 U.S.C. § 2244(d)(1)(A); U.S. Sup. Ct. R. 13.1 (petition for writ of certiorari must be filed within 90 days of entry of judgment). Thus, he does not currently require a stay of the litigation in this Court.