UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| KYLE WATKINS, | * | |
|---|---|---|
| | * | |
| Petitioner, | * | |
| | * | |
| v. | * | |
| | * | Civil Action No. 16-cv-10891-ADB |
| SEAN MEDEIROS, | * | |
| | * | |
| Defendant. | * | |
| | * | |
| | * | |

## **MEMORANDUM AND ORDER ON MOTION FOR RECONSIDERATION AND MOTION TO CORRECT**

BURROUGHS, D.J.

On January 7, 2020, the Court entered an Order denying Kyle Watkins' ("Petitioner") petition for writ of habeas corpus. [ECF No. 47]. On February 6, 2020, Petitioner filed a motion for reconsideration and evidentiary hearing, [ECF No. 54], but failed to cite a federal rule in support of the motion. The Court interprets the filing as a motion to alter or amend a judgment under Rule 59(e). Fed. R. Civ. P. 59(e).

"A Rule 59(e) motion is timely if it is filed within twenty-eight days of the judgment's entry." Vaquería Tres Monjitas, Inc. v. Comas-Pagán, 772 F.3d 956, 958 (1st Cir. 2014) (citing Fed. R. Civ. P. 59(e) and holding that Rule 59(e) motion filed twenty-nine days after entry of judgment was untimely). Because Petitioner's motion was filed thirty days after entry of judgment, see [ECF Nos. 47, 48], his motion, [ECF No. 54], is DENIED as untimely.

Petitioner subsequently filed a motion to correct his Rule 59(e) motion, seeking reconsideration of the Court's dismissal under Federal Rule of Civil Procedure 60(b)(1). [ECF No. 55]. This Rule requires that the motion be filed no more than one year after entry of

judgment. Fed. R. Civ. P. 60(c). Federal Rule of Appellate Procedure 4(a)(4)(B)(i) provides that "[i]f a party files a notice of appeal after the court announces or enters a judgment—but before it disposes of any motion listed in Rule 4(a)(4)(A)—the notice becomes effective to appeal a judgment or order, in whole or in part, when the order disposing of the last such remaining motion is entered." Fed. R. App. P. 4(a)(4)(B)(i). Rule 4(a)(4)(A) includes motions under Rule 60, thus the Court has jurisdiction to consider Petitioner's Rule 60(b)(1) motion.

Rule 60(b)(1) provides for relief from a final judgment on the basis of "mistake, inadvertence, surprise, or excusable neglect . . . ." Fed. R. Civ. P. 60(b)(1). Petitioner seeks relief from an alleged mistake in the Court's January 7, 2020 Order. [ECF No. 55 at 1]. "[R]elief under Rule 60(b) is extraordinary in nature and . . . motions invoking that rule should be granted sparingly." Karak v. Bursaw Oil Corp., 288 F.3d 15, 19 (1st Cir. 2002) (internal citations omitted); see Rivera-Velazquez v. Hartford Steam Boiler Inspection & Ins. Co., 750 F.3d 1, 3 (1st Cir. 2014) (quoting Karak, 288 F.3d at 19). Although Petitioner claims that Rule 60(b)(1) can provide relief if the mistake in question is a district court's "substantive mistake of law," the First Circuit has held that "an error of law cannot be regarded as a 'mistake' for the purpose of Rule 60(b)(1)." Mancini v. City of Providence, 909 F.3d 32, 47 (1st Cir. 2018) (quoting Fisher v. Kadant, Inc., 589 F.3d 505, 513 n.5 (1st Cir. 2009)). "If the court merely wrongly decides a point of law, that is not 'inadvertence, surprise, or excusable neglect.' Moreover, these words, in the context of the rule, seem addressed to some special situations justifying extraordinary relief." Silk v. Sandoval, 435 F.2d 1266, 1267–68 (1st Cir. 1971).

Petitioner's memorandum in support of his motion, [ECF No. 54], only identifies an alleged mistake of law. See [ECF No. 54 at 3 (stating that the Court "illogically concluded" that Petitioner was not prejudiced by errors made by the Court of Appeals and the Supreme Judicial

Court).[1]  To obtain habeas relief, "a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement."  Harrington v. Richter, 562 U.S. 86, 103 (2011).  "In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States."  Estelle v. McGuire, 502 U.S. 62, 68 (1991).

At best, the Court's conclusion regarding prejudice to Petitioner was "a mixed question of law and fact."  See Rosado v. Allen, 482 F. Supp. 2d 94, 109 (D. Mass. 2007) (analyzing prejudice in the context of an ineffective assistance claim and citing Strickland v. Washington, 466 U.S. 668, 698 (1984) for the proposition that prejudice is a mixed question); United States v. Burton, No. 95-5948, 1997 U.S. App. LEXIS 17889, at *5 (4th Cir. July 17, 1997) (analyzing prejudice in the context of pre-indictment delay as a mixed question of law and fact); United

---

[1] The Court observes that Petitioner's presentation of the alleged mistake omits certain facts.  In its January 7, 2020 Order, the Court found that the Court of Appeals and the Supreme Judicial Court erred in finding that in an October 2003 incident involving a witness for the Commonwealth, police were not aware that the witness was planning to testify against Petitioner.  [ECF No. 47 at 13].  Petitioner has provided no evidence to indicate that the witness received any benefit in connection with the witness's October 2003 arrest, despite the fact that police knew the witness would be testifying against Petitioner.  See [id. ("The police report, however, does not support this claim.  It shows no evidence that the responding officers considered charging Rudolph as a felon-in-possession and, correspondingly, no evidence that they decided not to do so as a benefit in exchange for Rudolph's testimony.")].  Although Petitioner was not given a copy of the witness's October 2003 police report, [ECF No. 54 at 2], Petitioner knew prior to his trial that the witness in question was testifying pursuant to a cooperation agreement, [ECF No. 47 at 11 (noting that Petitioner received notice of the cooperation agreement prior to trial)].  This supports the Court's finding that Petitioner was not prejudiced by the state courts' errors.  See [id. at 13–14].  In the alternative, Petitioner claims that the report would have allowed Petitioner to question the witness on a pattern of inventing false reports about Petitioner.  [ECF No. 54 at 4].  However, the Superior Court's ruling on a motion *in limine* precluded Petitioner from impeaching the witness with prior inconsistent statements, including his "wavering and recanting," suggesting that Petitioner's ability to challenge the witness with respect to these inconsistent statements would have been extremely limited.  See [ECF No. 47 at 20].

States v. Beszborn, 21 F.3d 62, 66 (5th Cir. 1994) (same).  In conducting its analysis, the Court was not merely considering the factual matter of whether there was an error in the state court proceedings but also the legal matter of whether that error was prejudicial against Petitioner.  As a result, any alleged mistake of law is not ripe for review under a Rule 60(b)(1) motion.  Mancini, 909 F.3d at 47 ("[A]n error of law cannot be regarded as a 'mistake' for the purpose of Rule 60(b)(1).").  Accordingly, Petitioner's motion to correct, [ECF No. 55], is DENIED.

Finally, Petitioner has requested an evidentiary hearing on the grounds that the state courts' factual determinations were not supported by the record.  [ECF No. 54 at 5].  A petitioner seeking such a hearing must establish that "his allegations would entitle him to relief and the hearing is likely to elicit the factual support for those allegations."  Teti v. Bender, 507 F.3d 50, 62 (1st Cir. 2007).  Although the Court identified one error made by both state courts, as noted supra, the Court finds that the error does not necessitate a hearing as it is unlikely that Petitioner would be entitled to habeas relief even if he were able to develop a new factual record.  See [ECF No. 47 at 11 (noting that Petitioner received notice of the cooperation agreement prior to trial), 20 (motion *in limine* precluded Petitioner from impeaching the witness with prior inconsistent statements)].  Petitioner's request for an evidentiary hearing, [ECF No. 54], is therefore DENIED.

I. CONCLUSION

For the foregoing reasons, Petitioner's motion for reconsideration and an evidentiary hearing, [ECF No. 54], and motion to correct, [ECF No. 55], are DENIED.

**SO ORDERED.**

February 11, 2020  /s/ Allison D. Burroughs
ALLISON D. BURROUGHS
U.S. DISTRICT JUDGE

4